UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| INDUCTION THERAPIES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:20-cv-00382-DJH |
| ) | *Filed Electronically* |
| ) | |
| INGENES, LLC, and ) | |
| DR. KRISHNAMURTHY GOVINDARAJ ) | |
| ) | |
| Defendants. ) | |

**MOTION TO AMEND COMPLAINT AND**
**INCORPORATED MEMORANDUM OF LAW**

The Plaintiff, Induction Therapies, LLC, by and through the undersigned counsel and pursuant to Federal Rule of Civil Procedure ("FRCP") 15(a)(2), moves to amend the complaint in this action. A copy of the proposed Amended Complaint is attached. The Amended Complaint (1) elaborates on the Plaintiff's claims against the Defendants in light of the removal of this case to the United States District Court for the Western District of Kentucky and the resulting heightened pleading standard; and (2) voluntarily withdraws the alter ego/piercing the corporate veil claims against the Defendant Dr. Krishnamurthy Govindaraj because, among other reasons, Govindaraj is already personally liable for his own tortious conduct.

**MEMORANDUM**

This case involves an agency relationship between the Plaintiff, Induction Therapies, LLC, and the Defendant Agents, Ingenes, LLC and Dr. Krishnamurthy Govindaraj. The Plaintiff developed and wishes to market a medical device called the Collagen PIN. To do so, the Plaintiff was and is required to obtain FDA premarket approval through a process known as a 501(k) application. The Defendants market themselves as a "full-service regulatory and product

development consulting firm for … medical devices…" and specifically advertise their ability to assist clients with 501(k) submissions to the FDA. As set forth in more detail in the Proposed Amended Complaint: Each Defendant engaged in tortious conduct damaging to the Plaintiff. *See* Proposed Amended Complaint, Counts I and II. Ingenes has refused to provide an accounting to Plaintiff even though required by agency law and has received excess consulting fees in violation of the parties' Consulting Agreement. *See* Proposed Amended Complaint, Counts III and IV. Ingenes has also converted the Plaintiff's proprietary and confidential information by failing to honor demands for the return of the property. *See* Proposed Amended Complaint, Count V.

This case was originally filed on May 1, 2020 in Kentucky state court, where the pre-*Twombly* and *Iqbal* notice pleading standard is still in effect. The Defendants subsequently removed this case to federal court and filed a motion seeking to dismissal under the heightened pleading standards of *Twombly* and *Iqbal*. To the extent the Defendants claim to lack notice of the claims against them, the Plaintiff is deeply skeptical of this claim. However, the Plaintiff acknowledges that the federal pleading standards require greater factual elaboration than do state court pleading standards. Thus, out of an abundance of caution, the Plaintiff seeks leave to file the proposed Amended Complaint tendered with this Motion pursuant to FRCP 15(a)(2) in order to provide such factual elaboration.

FRCP 15(a)(2) provides that leave to amend should be freely given when justice so requires. "Generally, a plaintiff's motion for leave to amend should be granted absent a justifiable reason, 'such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Beverly v. MEVA Formwork Systems, Inc.*, 2009 WL 10713093, *1 (E.D.Ky. 2009) (quoting *Forman v. Davis*, 371

U.S. 178, 182 (1962)). The burden of demonstrating that amendment would be prejudicial or futile rests with the Defendants. *Id.* at *2.

The Plaintiff respectfully suggest that all arguments in the Defendants' Motion to Dismiss other than personal jurisdiction be treated as moot as a result of this Motion to Amend. The Court's personal jurisdiction ruling is very likely to impact the choice of law applicable to the 12(b)(6) futility analysis. "Kentucky courts 'are very egocentric or protective concerning choice of law questions.' … That is, there is a strong preference in Kentucky for applying Kentucky law." *Sierra v. Williamson*, 2013 WL 3456988, *2 (W.D.Ky. 2013). However, in the event the Defendants elect to pursue futility arguments instead of reserving the right to file a subsequent 12(b)(6) motion, the Plaintiff will address them by reply brief.

Respectfully submitted,

*/s/ Christopher B. Rambicure*
CHRISTOPHER B. RAMBICURE
214 South 8th Street
Suite 200
Louisville, KY 40202
Telephone: (502) 587-9560
E-mail: chris@rambicurelaw.com
**Counsel for the Plaintiff**

**CERTIFICATE OF SERVICE**

I certify that on July 3, 2020, I served a copy of the foregoing upon all counsel of record by electronic means through the Court's CM/ECF system.

*/s/ Christopher B. Rambicure*
**Counsel for the Plaintiff**