IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

INDUCTION THERAPIES, LLC        :

                         :

    v.                  :    Civil Action No. DKC 21-604

                         :

INGENES, LLC, et al.        :

                         :

**MEMORANDUM OPINION**

Presently pending are: Plaintiff's motion for the entry of default judgment as to Ingenes, LLC, filed on June 28, 2023 (ECF No. 64), and its motion for summary judgment as to Ingenes, LLC's counterclaim, filed on June 29, 2023 (ECF No. 65). For the following reasons, while a default will be entered as to Ingenes, LLC on Plaintiff's complaint, Plaintiff will be required to brief more fully why liability should be found based on its complaint. It will also be required to file a status report, in consultation with the individual defendant, concerning resolution of the claims against that defendant. The counterclaim of Ingenes, LLC will be dismissed, and the motion for summary judgment on that claim will be denied as moot.

I.  **Background**

Plaintiff commenced this breach of contract action on May 1, 2020, in the Jefferson County Circuit Court, Jefferson County, Kentucky, against Defendants Ingenes, LLC and Dr. Krishnamurthy Govindaraj, alleging that Defendants failed to perform their

obligations under the parties' contract.  (ECF No. 1-2, at 8-18).
Defendants removed the case to the United States District Court
for the Western District of Kentucky, Louisville Division, on June
1, 2020, citing diversity of citizenship pursuant to 28 U.S.C. §
1441(a) and (b).  The case was transferred to this court on March
9, 2021 (ECF No. 22).  Defendants filed an answer, which included
a counterclaim by Ingenes, LLC (ECF No. 32) and, on July 15, 2021,
an amended answer and counterclaim (ECF No. 34).  Plaintiff filed
an answer to Defendant's counterclaim on July 27, 2021 (ECF No.
36).  The court issued a scheduling order (ECF No. 42), which was
extended on September 30, 2022 (ECF No. 51).  Discovery closed
December 14, 2022.  The pretrial motions deadline was extended to
June 30, 2023 (ECF No. 62).

Both defendants were represented by Andrew C. Aitken and
Michael R. Williams.  Mr. Williams withdrew on June 11, 2021.  On
January 4, 2023, Mr. Aitken moved to withdraw, (ECF No. 53), but
he agreed to remain as counsel temporarily during settlement
negotiations.  When those efforts failed, the court granted the
motion by Andrew Aitken to withdraw as counsel for Defendants and
his appearance was stricken on behalf of both defendants. (ECF No.
62).  Dr. Krishnamurthy Govindaraj is representing himself.
Defendant Ingenes, LLC was notified that, unless new counsel

entered an appearance, a default judgment could be entered against it on Plaintiff's claims and its counterclaim could be subject to dismissal.  Because Defendant Ingenes, LLC can appear in this court only through a licensed attorney, it was directed to show cause, no later than June 15, 2023, why a default should not be entered as to the claims against it and why its claims in its Amended Answer and Counterclaim should not be subject to dismissal. Despite these warnings, counsel has not entered an appearance for Ingenes, LLC.

## II.  Standard of Review

Under Fed.R.Civ.P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  A defendant's default does not automatically entitle the plaintiff to the entry of a default judgment; rather, that decision is left to the discretion of the court.  *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001).  The United States Court of Appeals for the Fourth Circuit has a "strong policy" that "cases be decided on their merits," *Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002) (*citing United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate where a party

3

is unresponsive, *see S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C.Cir. 1980)).

"Upon [entry of] default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not." *Lawbaugh*, 359 F.Supp.2d at 422. Fed.R.Civ.P. 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Thus, where a complaint specifies the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount. "[C]ourts have generally held that a default judgment cannot award additional damages ... because the defendant could not reasonably have expected that his damages would exceed that amount." *In re Genesys Data Technologies, Inc.*, 204 F.3d 124, 132 (4ᵗʰ Cir. 2000). While the court may hold a hearing to consider evidence as to damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001) (*citing United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5ᵗʰ Cir. 1979)).

4

### III. Analysis

Because Defendant Ingenes, LLC must be represented by counsel in this court and is not, it has failed to appear and its default will be entered.   In addition, the counterclaim asserted by Ingenes, LLC will be dismissed.

Before any further proceedings can be scheduled, however, Plaintiff will be required to brief additional issues and provide a status report on the claims against the individual defendant, Krishnamurthy Govindaraj.

The facts alleged in the complaint are that Plaintiff and Ingenes entered into a consulting agreement on or about December 26, 2018, in order to prepare an application for submission to the Food & Drug Administration.   The complaint alleges that Dr. Govindaraj is "an alter ego" of Ingenes.   According to the complaint, the prices for services were clearly set forth in the agreement; Plaintiff "believes" that it has been overcharged and has requested documentation in support of the charges; Defendants filed some documentation with the FDA on December 31, 2019, but that filing did not constitute a full submission as required by the agreement; and the submission is still incomplete.   It asserts, as to both defendants, claims for breach of contract, intentional

breach of fiduciary duty, conversion, for temporary and injunctive relief, and for court costs and attorney's fees.

The complaint contains five counts and it is not at all obvious whether the complaint's factual allegations establish liability as to each claim, or even under which state law each claim is asserted.  Thus, Plaintiff will be directed to provide additional support for its request that liability be established due to the default, specifying each claim, the state law applicable to each, and the damages or other relief to which it claims to be entitled.

Plaintiff then seeks an "evidentiary hearing" so it can present evidence of damages.  Before any such hearing can be held, however, the claims against the individual defendant need to be resolved.  If there is to be a jury trial on those claims, the damages after default can be based on the evidence presented in that forum.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for default judgment will be granted in part, the Clerk will be directed to enter the default of Ingenes, LLC, and the amended counterclaim asserted by Ingenes, LLC will be dismissed.  Plaintiff's motion for default judgment otherwise will be denied without prejudice

6

and the motion for summary judgment as to Ingenes, LLC's counterclaim will be denied as moot.  A separate order will follow.

/s/
_____
DEBORAH K. CHASANOW
United States District Judge
